Evelyn C. GROGAN, on behalf of herself
and all persons similarly
situated, Plaintiff,

v.

AMERICAN BRANDS, INC. and the
American Tobacco Company,
Defendants.

No. C–75–217–G.

United States District Court,
M. D. North Carolina,
Greensboro Division.

Feb. 26, 1976.

Jonathan R. Harkavy, of Smith, Patterson, Follin, Curtis & James, Greensboro, N. C., for plaintiff.

Charles T. Hagan, Jr., and Daniel W. Fouts, of Adams, Kleemeier, Hagan, Hannah & Fouts, Greensboro, N. C., for defendants.

MEMORANDUM ORDER

HIRAM H. WARD, District Judge.

This matter came before the Court for consideration of the following:

(1) Motion of plaintiff for certification of a class action;

(2) Motion of Elizabeth Williams, Clyda Walker, Ada Lee Somers, Dorothy Blackwell, and Dorothy M. Slade to intervene;

(3) Request of plaintiff for oral argument on the motion of the proposed interve-

nors (hereafter denoted as "intervenors"); and

(4) Motion of defendants to depose the proposed intervenors. Plaintiff institutes this action pursuant to 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1985 with jurisdiction grounded upon 42 U.S.C. § 2000e–5(f), 28 U.S.C. § 1337, and 28 U.S.C. § 1343(4).

This rather average civil rights action could, with very little difficulty, become inordinately complex. There is no reason why it should, however, and the Court will endeavor to keep it simple while adequately protecting the interests of all parties. Plaintiff, a resident of Rockingham County, North Carolina, is a female employee of the defendants and has been so employed since September 22, 1942. Defendant, American Tobacco Company, a Delaware corporation, is a division of defendant, American Brands, Inc., a New Jersey corporation. Plaintiff, seeking equitable and declaratory relief, alleges that the defendants, at their Reidsville branch, follow policies and practices of discrimination against female employees and female applicants for employment because of their sex and as retaliation against them for exercising protected rights under the civil rights statutes.

In addition to pursuing her own interests, plaintiff also seeks to represent a class composed of "female persons who are now employed, who were employed, who might have been employed, and who might become employed by defendants at their Reidsville branch facilities in the area of Rockingham County, North Carolina, since July 2, 1965, and who have been, continue to be or might be adversely affected by the practices complained of herein." Complaint, page 2.

The proposed intervenors, female employees of the defendant American Tobacco Company, contend (1) that they have an interest in the subject matter of this action, (2) that plaintiff neither represents them nor a majority of the female employees of defendants, and (3) that the judgment which plaintiff seeks, if granted, would im-

pair and impede them in their ability to protect their own interest. In the intervenors' proposed answer, attached to their motion to intervene, it is argued that any discrimination was an isolated incident peculiar to the plaintiff. The intervenors further contend:

■ That the defendant The American Tobacco Company has continuously, during a period from and prior to July 2, 1965, followed enlightened and humane employment and work practices which have been calculated to give full opportunity for achievement of maximum employment advantages and benefits to its employees according to the efforts, intelligence, talents and ability of each, without discrimination as between male and female employees, except in so far as females have had the opportunity to avoid those jobs which would be beyond the generally recognized physical capabilities and physical limitations of the female sex; [and]

■ That a portion of the employment offered by the defendant The American Tobacco Company consists of jobs which require physical strength and endurance greater than is ordinarily possessed by women and that any judgment of this Court which would require that each and every employee be considered in all instances and in all respects without regard to sex would work a serious and continuously damaging discriminatory disadvantage to the female employees of the defendant The American Tobacco Company and to the class of employees of said defendant to which the intervenors and all, or, other than the plaintiff, substantially all, of its female employees belong.

Defendants argue that, since a number of employees have expressed dissatisfaction with plaintiff's action, no determination as to the class action question can be made until the defendants have deposed the proposed intervenors and defendants move to do so.

I.  *The Class Action*

■ The most significant difficulty facing the Court in ruling on the plaintiff's

motion for class certification is the fact that the record consists solely of bare allegations. No discovery has been completed by either party. It appears to the Court that, while plaintiff may qualify to represent part of the class which she defines, she may very well not have standing to represent other parts. Thus, it is conceivable that the class may eventually have to be narrowed even if the plaintiff's motion is granted. Therefore, while the Court will certify this cause as a class action pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, it will do so conditionally.[1] Rule 23(c)(1), Federal Rules of Civil Procedure. When discovery is completed,[2] the Court will again review the record and determine at that time whether the class should be allowed in its present form, altered, or dissolved.

The class action is a most proficient mechanism for dealing with Title VII actions. *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496 (5th Cir. 1968). However, a party wishing to bring an action as a class action must first satisfy all of the prerequisites of Rule 23(a), Federal Rules of Civil Procedure:

> *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

*Rule 23(a)(1)*: Plaintiff seeks to represent not only past and present members of the class but also future female employees.

The Court is doubtful of the plaintiff's standing to represent female *applicants* for employment because she was hired and thus was not refused employment because of her sex. However, it is entirely conceivable that she has standing, at the least, to represent present and future female employees. Such a class would likely be composed of a substantial number of people. Thus, the numerosity requirement is fulfilled. The number can be as few as eighteen and no specific number is necessary. *Cypress v. Newport News General and Non-Secretarian Hospital Association*, 375 F.2d 648, 653 (4th Cir. 1967).

*Rule 23(a)(2)*: The complaint consists of a broad across the board attack on the defendants' alleged discrimination. While there will be questions of fact peculiar to each member of the class, a broad policy of discrimination would threaten each member of the class. Therefore, there are questions of law and fact common to the class.

*Rule 23(a)(3)*: The intervenors would argue that, if there has been any discrimination, it was limited to the plaintiff and that the plaintiff's claim is not "typical." "[W]here the essence of the complaint is merely a single instance of . . . discrimination couched in conclusory class action allegations, the class action is properly refused." *Pittman v. Anaconda Wire & Cable Co.*, 408 F.Supp. 286, 11 F.E.P. Cases 9, 15 (E.D.N.C.1974). If, after completion of discovery, it appears that the plaintiff's claim is not typical, the class action can be dissolved. At this point, however, the Court makes its decision on the basis of plaintiff's broad attack on the defendants' alleged common practice of sexual discrimination. The typicality requirement is, for the present, satisfied.

1. While it has been authoritatively stated that a class action determination "usually should be predicated on more information than the complaint itself affords," Wright & Miller, Federal Practice and Procedure, Civil § 1785, there is also a danger of delving too far into the merits of a case prior to a class action determination. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732, 748–50 (1974). The Court is of the opinion that certification of the class conditionally will alleviate the problems inherent in this dilemma.

2. Discovery appears to have been hindered by the controversy surrounding the motion to intervene. That motion will be resolved in this decision and the Court will expect both parties to pursue discovery vigorously. The deadline for completion of discovery will be extended sixty days beyond the present date of February 28, 1976.

*Rule 23(a)(4)*: "The test here is two-fold: (1) do the named plaintiffs have any interest antagonistic to the interests of the class, and (2) are the attorneys qualified?" *Thomas v. Microlab/FXR, Inc.*, 11 F.E.P. Cases 1167 (D.N.J.1975). It is clear that the plaintiff and the intervenors do not agree. That does not necessarily mean, however, that plaintiff's interests are antagonistic to those of the class which she seeks to represent. The mere fact that some members of the class may express displeasure with the plaintiff's action is not necessarily indicative of the plaintiff's antagonistic interests. In *Moss v. Lane Co.*, 50 F.R.D. 122 (W.D.Va. 1970), the defendant employer secured affidavits from all of its Negro employees, which ' disclaimed any authority to commence the suit. The court noted that:

I am not convinced of the "displeasure" of the other members of the class with the present suit. If plaintiff's allegations are true, an injunction may issue requiring an end to the discriminatory practices. Such relief would be beneficial to all members of the class. Also, if plaintiff's claim, that he was discharged for the institution of charges with the Equal Employment Opportunity Commission (EEOC), is true, the other Negro employees of the defendant would be unwilling to put their job in jeopardy by refusal to sign the affidavit. Finally, to dismiss the class action on the basis of the affidavits would be tantamount to determining that the charge of racial discrimination is untrue. By such dismissal, I would be saying that either there is no racial discrimination practiced by the defendant against the other members of the class or that the other Negro employees want to be racially discriminated against. Clearly the latter is unacceptable, and, certainly, the former would be an improper determination at this stage of the suit.

50 F.R.D. at 125–26.

*See Knuth v. Erie-Crawford Dairy Coop. Association*, 395 F.2d 420 (3rd Cir. 1968), *cert. denied*, 410 U.S. 913, 93 S.Ct. 966, 35 L.Ed.2d 278. (Class action should not have been denied simply because 98 out of 1200 class members filed affidavits indicating displeasure with plaintiff's action). *Contra, Schulman v. Ritzenburg*, 47 F.R.D. 202 (D.D.C.1969). (Suit not maintainable as a class action when 47 out of 53 class members filed affidavits indicating displeasure).

Intervention or lack of intervention is irrelevant in determining adequacy of representation. This is especially true in a case in which notice is required because, in that situation, a class member may opt out if he is displeased with the action. Wright & Miller, Federal Practice and Procedure, Civil § 1768. There is no reason to believe that plaintiff will not fairly and adequately protect the interests of the defined class which she seeks to represent.

There is absolutely no doubt that plaintiff's attorney is qualified. Both he and his firm have compiled an admirable and extensive record of representation in civil rights matters. In addition to fulfilling the requirements of Rule 23(a), a plaintiff must also satisfy at least one of the requirements of Rule 23(b). Plaintiff seeks to maintain the action pursuant to either Rule 23(b)(2) or (b)(3).

*Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied and in addition:

. . . .

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertaining to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy al-

ready commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

As noted before, the Court feels that this matter is properly certifiable as a class action under the provisions of Rule 23(b)(2). Although it is entirely conceivable that the action could be maintained pursuant to Rule 23(b)(3), this is a civil rights action and thus is more compatible with Rule 23(b)(2). The Fourth Circuit Court of Appeals in *Barnett v. W. T. Grant Co.*, 518 F.2d 543, 547 (4th Cir. 1975), pointed out that:

> The Committee Notes to Rule 23(b)(2) indicate that it was intended as a vehicle for civil rights attacks on unlawful discrimination against a class whose members might be incapable of specific enumeration. *See* 3B J. Moore, Federal Practice ¶ 23.01[10.–2] (2d ed. 1974). Viewed broadly, Barnett's suit is an "across the board" attack on all discriminatory actions by defendants on the ground of race, and when so viewed, it fits comfortably within the requirements of Rule 23(b)(2). *See Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1124 (5th Cir. 1969).

Plaintiff in this action makes an "across the board" attack on defendants' alleged sexually discriminatory practices and, therefore, charges that the defendant has acted "on grounds generally applicable to the class." The court in *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 250 (3rd Cir. 1975), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975), explained that:

> [A] Title VII suit against discriminatory hiring and promotion policies is necessarily a suit to end discrimination because of a common class characteristic, in this case sex, [citations omitted]. The conduct of the employer is actionable "on grounds generally applicable to the class," and the relief sought is "relief with respect to the class as a whole." The class, all sharing a common characteristic subjected to discrimination, is co-

hesive as to the claims alleged in the complaint. Thus, a Title VII action is particularly fit for (b)(2) treatment and the drafters of Rule 23 specifically contemplated that suits against discriminatory hiring and promotion policies would be appropriately maintained under (b)(2).

Therefore, the Court finds that this matter may be pursued conditionally as a class action.

## II. *Motion to Intervene*

The motion of the intervenors will be denied, primarily because they have absolutely no place in this litigation other than as, perhaps, witnesses for the defendants. The intervenors in reality argue (1) that they do not feel that the defendants practice sexual discrimination, (2) that they are happy with their employment as it is, and (3) that, at any rate, they don't want plaintiff to rock the boat.

Intervention is governed by the provisions of Rule 24, Federal Rules of Civil Procedure:

> (a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, *unless the applicant's interest is adequately represented by existing parties.* (Emphasis added).
>
> (b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

■ *Rule 24(a) Intervention of Right*: The intervenors do not base their argument on any statute. Therefore, they would have to satisfy the requirements of Rule 24(a)(2) in order to qualify for intervention of right. First, in determining whether disposition of the action will impede or impair an intervenor's ability to protect his interests, practical rather than purely legal considerations are paramount. Wright & Miller, Federal Practice and Procedure, Civil § 1908. The intervenors have no interests which are jeopardized by this action. If it is found that there is no discrimination where they work, then the defendants will prevail and nothing will be changed. If, however, discriminatory practices are found to exist, those practices will be eliminated to the benefit of the intervenors.

Identity of interests is the most important factor in determining whether there is adequacy of representation pursuant to the proviso of Rule 24(a)(2). Wright & Miller, Federal Practice and Procedure, Civil § 1909. The defendants are already charged with representing virtually the same interests which the intervenors wish to protect. The defendants are represented by a fine law firm with an excellent reputation and the Court sees no reason why the defendants' interests, along with the tangential interests of the intervenors, will not be protected vigorously by the defendants' attorneys.

■ *Rule 24(b) Permissive Intervention*: "If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." Wright & Miller, Federal Practice and Procedure, Civil § 1913. Intervention of the type which is sought in this action would serve no useful purpose, would cause unnecessary delay and time expenditure, and would thus unduly prejudice the adjudication for all concerned. In short, the intervenors could only muddy the

waters unnecessarily. Therefore, both the motion to intervene and plaintiff's request for oral argument on the motion to intervene will be denied.

III. *Motion of Defendants to Depose the Intervenors*

■ The Court doubts that the defendants will now desire to depose the intervenors but will allow them to do so if they wish. The defendants may also depose any other members of the class. However, Local Rule 17(b)(6) is still applicable to the extent that neither party is authorized to engage in unlawful solicitation or misrepresentation in relation to any members of the class.

IV. *Discovery and Notice*

As explained previously, discovery will be extended to April 28, 1976, which is sixty days beyond the previous discovery deadline. At that time, the Court will review the class action aspects of this suit and determine whether the class should be modified or dissolved. *See Pittman v. Anaconda Wire & Cable Co.*, supra, at 16. If it is determined that the suit can continue as a class action, a Rule 23(c)(2) type notice, paid for by the plaintiff, will be sent to all class members whose names and addresses can be ascertained through reasonable effort. The Court is aware that this action is being certified pursuant to Rule 23(b)(2) rather than Rule 23(b)(3)[3] and that notice is not normally required in (b)(2) actions but, in light of the acknowledged dissent of the intervenors, it is desirable that any dissatisfied members of the class be permitted to opt out if they wish. *Knuth v. Erie-Crawford Dairy Coop. Association*, 395 F.2d at 428.

Therefore, it is ORDERED:

(1) That the motion of plaintiff for certification of a class action be, and the same hereby is, GRANTED;

(2) That the motion of Elizabeth Williams, Clyda Walker, Ada Lee Somers, Dor-

3. *See Walker v. Styrex Industries*, No. C–74–197–G (M.D.N.C. January 7, 1976).

othy Blackwell, and Dorothy M. Slade to intervene be, and the same hereby is, DENIED;

(3) That the request of plaintiff for oral argument be, and the same hereby is, DENIED;

(4) That the motion of defendants to depose the proposed intervenors be, and the same hereby is, GRANTED.

It is further ORDERED that this action move forward immediately in conformity with the procedures outlined in this decision.