Gary L. PENICK et al.,
Plaintiffs-Appellees,

v.

COLUMBUS EDUCATION
ASSOCIATION,
Intervenor-Appellant.

No. 77–3367.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 15, 1978.

Decided April 27, 1978.

Leonard J. Schwartz, Andrew M. Fishman, Schwartz & Fishman, Columbus, Ohio, for intervenor-appellant.

Louis R. Lucas, Ratner, Sugarmon & Lucas, Memphis, Tenn., Thomas I. Atkins, Boston, Mass., Richard M. Stein, Allan E. Roth, William J. Kelly, Jr., Samuel H. Porter, Curtis A. Loveland, Porter, Stanley, Platt &

# 890

Arthur, Leo P. Ross, Columbus, Ohio, Nathaniel R. Jones, Gen. Counsel, NAACP, New York City, Mark O'Neill, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, Thomas P. Michael, Alexander, Ebinger, Holschuh, Fisher & McAlister, Edward J. Cox, William J. Brown, Atty. Gen. of Ohio, Roy F. Martin, James W. McCarthy, and Terry L. Tataru, Asst. Attys. Gen., Robert K. Hammersmith, Jr., Columbus, Ohio, for plaintiffs-appellees.

Before EDWARDS, LIVELY and MERRITT, Circuit Judges.

PER CURIAM.

This case involves an appeal from an order of the District Court for the Southern District of Ohio, denying the motion of the Columbus Education Association (CEA), the bargaining agent for Columbus public school teachers, to intervene as plaintiff in the remedial stage of school desegregation proceedings. The CEA sought to intervene after the District Court had determined that the Columbus and Ohio State Boards of Education should be held liable for unconstitutional segregation of the Columbus public schools,[1] but before a desegregation plan had been submitted and approved by the court. The CEA sought to intervene on the grounds that school teachers would be affected by the formulation of any remedy involving staff reassignments, changes in duties, or modifications in teaching contracts.

The District Court denied intervention on the grounds that the motion was untimely, but it stated that the CEA would be allowed to participate as *amicus curiae*. The CEA claims it should have been allowed to intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure, which provides for intervention upon timely application

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair

or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

■ Columbus school teachers undoubtedly have an interest in minimizing changes in existing contractual agreements and preventing the imposition of more burdensome duties on teachers. However, the interests of the CEA in the court proceedings so far appear to substantially coincide with the interests of the Columbus School Board. Although the CEA cites some cases in which the interests of a school board and school teachers were clearly adverse, it has provided no specific example in briefs or oral argument to suggest that in this case the Board of Education has not represented the interests of school teachers. We would emphasize that the District Court has not required specific contract adjustments or staff assignments to be included in the desegregation plan, although the possibility that some court action might be necessary in the future has not been foreclosed. The thrust of the District Court's decisions in this area has been to encourage negotiation and accommodation of the Board with all interested persons and groups, without the direct involvement of the court. In these circumstances it appears that the CEA has not specifically suggested any interests which have been or are likely to be harmed by the court's disposition of the litigation. Given the CEA's failure to suggest any actual specific dispute between the CEA and the Board, or any failure on the part of the Board to represent the CEA's interests, we believe that CEA interests have been adequately represented by the existing parties and that the District Court did not improperly treat the CEA's application as a matter of permissive intervention rather than intervention of right.

■ Furthermore, we cannot say that the District Court abused its discretion in refusing to allow permissive intervention under Fed.R.Civ.P.Rule 24(b). The CEA sought to intervene only at a late stage, following a decision on the question of lia-

---

1. *Penick v. Columbus Board of Education*, 429 F.Supp. 229 (S.D.Ohio 1977).

bility, in proceedings which were already complex. The District Court could reasonably conclude that intervention would unduly delay the remaining proceedings, and we do not find that the Court abused its discretion in denying intervention.

The decision of the District Court is therefore affirmed. However, in view of the fact that the District Court has retained jurisdiction over the case and may conceivably find it necessary in the future to make court-ordered adjustments and assignments of faculty and staff, our decision is reached without prejudice to the right of the CEA to seek intervention at a later date should it become apparent that CEA interests are not being adequately represented in further proceedings before the District Court.