Ronald **BRADLEY** et al., Plaintiffs,

and

**LULAC Council No. 11054, a non-profit corporation, et al., Plaintiffs-Intervenors,**

v.

William G. **MILLIKEN, Governor of the State of Michigan, et al., Defendants.**

Civ. A. No. 35257.

United States District Court,
E. D. Michigan, S. D.

Sept. 1, 1978.

See also, 460 F.Supp. 299.

---

Louis R. Lucas, Memphis, Tenn., Thomas Atkins, Boston, Mass., for plaintiffs.

George T. Roumell, Jr., Theodore Sachs, Detroit, Mich., George McCargar, Jr., Asst. Atty. Gen., Lansing, Mich., William Waterman, Pontiac, Mich., Vilma S. Martinez, Linda K. Hanten, San Francisco, Cal., for defendants.

### MEMORANDUM AND ORDER

DeMASCIO, District Judge.

LULAC Council No. 11054 and the other named intervenors have filed a "Proposed Complaint in Intervention" and a separate "Motion To Intervene As Parties Plaintiff." These proposed intervenors are individual children and organizations whose members include parents of Spanish-surnamed children participating in bilingual programs in the Detroit Public Schools. They seek intervention "to insure that the Bilingual Education programs they are entitled to receive do not suffer as a result of the implementation of a remedial plan in Region 2 or elsewhere . . . ." Complaint ¶ 3.

In their motion to intervene, the proposed intervenors contend that they are entitled to intervene as a matter of right, pursuant to Fed.R.Civ.P. 24(a). They argue that they, and the separate class they seek to represent, have a substantial interest in any remedial plan adopted by the court which includes Region 2, where they and a majority of their class live; that they have unique educational needs which require an expertise that existing plaintiffs do not have; and that only they can protect the current program for bilingual education in Region 2. Alternatively, the proposed intervenors seek permissive intervention, pursuant to Fed.R.Civ.P. 24(b).

Only the defendant Detroit Board and the State defendants filed a response to the motion to intervene. The defendant Detroit Board does not take a definitive position with respect to the motion, but they reserved the right to appear and argue at any future hearing. The State defendants oppose intervention, arguing that the interest of Spanish-surnamed students in bilingual programs is now adequately represented by the plaintiffs. The State defendants further argue that the petition is untimely since it was filed more than seven years after this action was commenced and three years after this court's remedial decree. The moving parties did not request a hearing, and we are now prepared to rule on the merits of their motion to intervene. *See* Local Rule IX (j).

█ We cannot agree with the State defendants that the interests of the proposed intervenors are adequately represented by the plaintiffs. As we understand the proposed complaint for intervention, the movants seek to exclude Region 2 from any pupil reassignment plan because, in their view, the bilingual classes they attend would otherwise be detrimentally affected. Plaintiffs, on the other hand, object to restricting bilingual programs to one region because it provides neighborhood schools for one ethnic group to the exclusion of all others. *See* this court's Opinion, August 7, 1978, at 302. Therefore, the plaintiffs did not and cannot represent the interests of the proposed intervenors. Plaintiffs' only goal is to pursue their constitutional right

to a unitary school system, and not to continue the concentration of bilingual programs in Region 2. The intervenors, on the other hand, seek a statutory right to bilingual programs.

 We do agree with the State defendants, however, that this motion is untimely. LULAC did not apply for intervention until long after the evidentiary hearings were over and our opinion was prepared for filing. In that opinion we disapproved of the Board's wholesale exclusion of Spanish-surnamed students from the pupil reassignment remedy. We have already held that:

> This case began as and remains a racial desegregation case, and for school assignment purposes Spanish-surnamed students cannot be treated differently than other white students. Bilingual education is not a justification for treating one ethnic group in isolation nor is it a substitution for desegregation. Opinion of August 7, 1978, at 312 (citation omitted).

In any event, the defendant Detroit Board has more than adequately protected the interests of the proposed intervenors. At the latest hearings, the Detroit Board called as an expert witness Mr. Felix Valbuena, the Director of Bilingual, Bicultural Education for the Detroit Public Schools. *See* transcript, September 7, 1977, at 96. Mr. Valbuena made a careful presentation of the bilingual program in the city and explained the need to preserve those programs. The Detroit Board vigorously opposed every suggestion that would disturb current bilingual programs in Region 2. *See* Opinion, August 17, 1978 at 311–312. We are persuaded that the proposed intervenors could not have presented any better evidence in their own behalf.

In *Robinson v. Shelby County Board of Education*, 330 F.Supp. 837 (W.D.Tenn. 1971), the court refused to allow white pupils and parents to intervene in order to challenge an order clustering a white school with a black school. The court there also indicated that the interests of the proposed intervenors were adequately protected by the defendant Board of Education. *Id.* at 849. The instant case is very similar in that here certain students are really arguing that they should not have to participate in the desegregation remedy. *See Hatton v. County Board of Education*, 422 F.2d 457, 461 (6th Cir. 1970); *cf. Penick v. Columbus Education Association*, 574 F.2d 889 (6th Cir. 1978).

In addition, we decline to allow the proposed intervenors to intervene under Fed.R. Civ.P. 24(b). The motion to intervene is simply much too late. If the court were to allow intervention, the parties would have to relitigate issues that have already been extensively litigated at great expense. *See Penick v. Columbus Education Association*, 574 F.2d 889 (6th Cir. 1978). Moreover, the intervenors could not possibly match the expertise of the Detroit Board in Bilingual/Bicultural Education. Since the Detroit Board and the intervenors have identical goals, no useful purpose could be served by granting intervention pursuant to Rule 24(b).

NOW, THEREFORE, IT IS ORDERED that the motion to intervene be, and hereby, is DENIED.