**Ronald BRADLEY et al., Plaintiffs,**

**Lulac Council No. 11054 et al., Proposed Plaintiffs Intervenors-Appellants,**

**v.**

**William G. MILLIKEN et al., and Board of Education of the School District of the City of Detroit et al., Defendants-Appellees.**

**No. 78–1598.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 11, 1980.

Decided April 14, 1980.

Vilma S. Martinez, Linda Hanten, Peter D. Roos, San Francisco, Cal., William Waterman, Waterman, Campbell, Morgan & Stanley, Pontiac, Mich., for proposed plaintiffs intervenors-appellants.

Frank J. Kelley, Atty. Gen. of Michigan, Robert A. Derengoski, Sol. Gen., Lansing, Mich., George T. Roumell, Jr., Thomas M. J. Hathaway, Riley & Roumell, Detroit, Mich., Louis R. Lucas, Ratner, Sugarmon, Lucas, Salky & Henderson, Memphis, Tenn., Theodore Sachs, Martson, Sachs, Nunn, Kates, Kadushin & O'Hare, Detroit Mich., Nathaniel Jones, Gen. Counsel, NAACP, New York City, for defendants-appellees.

Thomas I. Atkins, Atkins & Brown, Boston, Mass., for plaintiffs, Bradley, et al.

Before EDWARDS, Chief Judge, and PHILLIPS and PECK, Senior Circuit Judges.

PER CURIAM.

LULAC Council No. 11054, et al. appeal from the district court's decision denying their application to intervene in the remedial phase of the Detroit school desegregation

case. We affirm the district court's decision, but direct that appellants be permitted to intervene for the limited purpose of presenting evidence on a question not previously litigated in the district court.

Appellants sought to intervene in *Bradley v. Milliken*, Civ. No. 35257 (E.D.Mich.), in order to protect the interest of Detroit's Hispanic students in receiving bilingual education. That interest, appellants felt, was imperiled by the district court's order that some white students in Detroit's Administrative Region 2 be reassigned to desegregate schools in the city's all-black inner city. Most of Detroit's Hispanic students live in Region 2, and all of the system's Spanish-bilingual programs are located there. Appellants are concerned that indiscriminate reassignment of Hispanic students to inner-city schools will produce shortages of Spanish-bilingual teachers and resource materials, interfere with established pilot programs, and generally impair the district's ability to meet the educational needs of Hispanic students. Accordingly, they sought to participate as parties in the development of a pupil-reassignment plan that would be sensitive to their concerns.

The district court, in an opinion reported at 460 F.Supp. 320 (E.D.Mich.1978), denied appellants' application to intervene on the ground that it was untimely. The court understood appellants to argue that Hispanic students should be excluded entirely from the pupil-reassignment plan. However, the court had already rejected the Board's argument for excluding Hispanos; it thought allowing appellants to intervene would force relitigation of that issue. Furthermore, the court felt the appellants' interest was already represented by the Detroit Board, whose expertise and resources the appellants could not match. Accordingly, the court held appellants had no right to intervene and declined to allow permissive intervention.

We agree with the district court that appellants have no right to intervene. Even accepting appellants' argument that they do not seek to exempt Hispanic students from reassignment but merely to ensure that reassignments are made with students' bilingual-educational needs in mind,

we think appellants' interest is adequately represented by the Detroit Board. Dr. Felix Valbuena, the Director of Bilingual Education for the Detroit school system, cautioned the court that reassigning Hispanic students out of Region 2 schools, let alone doing so indiscriminately, would jeopardize the district's ability to provide quality bilingual education as required by law. Recognizing that danger, yet faced with this court's mandate to desegregate inner-city schools, the district court ordered the Detroit Board to develop a reassignment plan that would "make provisions for bilingual/bicultural programs" and to "create new programs [where necessary] to maintain the current level of bilingual/bicultural offerings." We have every reason to believe the Board has and will continue to observe the court's order. Given the Board's demonstrated concern for preserving its bilingual programs, we think the appellants' interest already is adequately represented. Accordingly, we affirm the district court's decision that appellants are not entitled to intervene of right.

Nor did the district court abuse its discretion by denying permissive intervention in the pupil-reassignment proceedings. This case is already ten years old. Permitting the appellants to participate as parties in the development of a supplemental reassignment plan would delay further these already protracted remedial proceedings without producing any countervailing benefit.

Appellants can protect their interest, which we recognize is legitimate and substantial, by petitioning the district court to allow them to speak as *amici curiae* on behalf of the Spanish-speaking children of Detroit in future remand proceedings. Correspondingly, we suggest the court encourage and consider such *amicus* views in evaluating any reassignments of Hispanic students.

Despite our affirmance of the district court's ruling, we think appellants must be permitted to intervene for the limited purpose of presenting evidence on the question whether, historically, the defendants have practiced de jure segregation of Hispanos. That issue, not previously litigated, was

raised by the Board's argument in *Bradley v. Milliken*, 620 F.2d 1143, that Hispanos cannot be treated as white for school desegregation purposes. For the reasons stated in Part IV of our opinion in that case, 620 F.2d at 1153–1156, we think representatives of Detroit's Hispanic community must be allowed to participate as intervenors in the remand hearing on the limited issue of whether or not the Detroit Board has been guilty of de jure segregation of Hispanos. *Keyes v. School District No. 1, Denver, Colo.*, 413 U.S. 189, 197–98, 93 S.Ct. 2686, 2691–92, 37 L.Ed.2d 548 (1973); *United States v. Midland Independent School District*, 519 F.2d 60, 63–64 (5th Cir. 1975), *cert. denied*, 424 U.S. 910, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976); *Tasby v. Estes*, 517 F.2d 92, 106–07 (5th Cir.), *cert. denied*, 423 U.S. 939, 96 S.Ct. 299, 46 L.Ed.2d 271 (1975). Appellants may participate on other issues only if the district court permits them to do so as *amici*.

The case is remanded to the district court for further action consistent with this opinion. No costs are taxed. Each party will bear its own costs on this appeal.