**PIEDMONT PAPER PRODUCTS, INC. et al., Plaintiffs,**

**v.**

**AMERICAN FINANCIAL CORPORATION et al., Defendants.**

**No. C–1–80–236.**

United States District Court, S. D. Ohio, W. D.

Dec. 1, 1980.

---

Sherman E. Unger, Cincinnati, Ohio, for plaintiffs.

Douglas G. Cole, Cincinnati, Ohio, for proposed intervenor.

Louis F. Gilligan, Cincinnati, Ohio, for defendant American Financial Corp.

Robert G. Stachler, Cincinnati, Ohio, for individual defendants.

## OPINION

DAVID S. PORTER, Senior District Judge:

The facts in this derivative and class action suit by American Financial Corporation shareholders have already been adequately set forth in our memorandum of decision and order of May 6, 1980 (doc. 11). Before the Court at this time is shareholder J. W. Brown's motion to intervene as a party-defendant and counterclaimant (doc. 13). This motion is the subject of supporting, opposing and reply memoranda (docs. 15, 30, 34). We note that only the plaintiffs oppose intervention.

The applicant desires to intervene on behalf of himself and on behalf of a class of "independent, nonaligned minority shareholders of [AFC]" (doc. 13). He asserts that he and the class have an interest relating to the common stock of AFC which is the subject of this action; that disposition of this litigation will impair or impede his ability, and that of the class, to protect their interests in the AFC common stock owned by them; that the plaintiffs' interests and motives are not in accord with the views of nearly all other minority shareholders of AFC and that the plaintiffs therefore cannot adequately represent that class of shareholders; that the individual defendants are precluded by their personal interests in the incentive plans opposed by the plaintiffs from impartially presenting the views of disinterested shareholders such as the applicant. He further asserts that the defenses and counterclaims he brings on behalf of himself and the class he seeks to represent have questions of law and fact common to the issues established by the plaintiffs' complaint.

In opposition to the motion, the plaintiffs assert first of all that the applicant's proposed answer fails to meet the requirement of Rule 24(c) of "a pleading setting forth the claim or defense for which intervention is sought" because it does not address the amended complaint filed after the motion was made. Because a new proposed answer, addressing the amended complaint has been submitted (*see* doc. 34), this objection has been made moot. We note also that there is nothing in Rule 24(c) that obligates an applicant for intervention to amend his proposed defenses and counterclaims while the motion to intervene is still pending. Plaintiffs' reliance upon *Gabauer v. Woodcock*, 425 F.Supp. 1 (E.D.Mo.1976), *aff'd in part and rev'd in part on other grounds*, 594 F.2d 662 (8th Cir. 1975), is misplaced. The motion to intervene in *Gabauer* was accompanied not by a proposed answer and counterclaim, as here, but instead by a bare motion to dismiss. The purpose of the accompanying pleading is to inform the parties and the Court of the position that will be asserted by the appli-

cant if intervention is allowed. *See Alexander v. Hall*, 64 F.R.D. 152 (D.S.C.1974). We believe that this purpose has been fullfilled in this case by the pleadings submitted by the applicant.

The plaintiffs' next objection is that the application to intervene was untimely because premature. With the possible exception of an application to intervene in a case that has not yet been commenced, we do not believe that an application to intervene can be made too early. The requirement that an application be timely made was inserted in Rule 24 to prevent unfair prejudice and delay in the disposition of a matter before the court. In the procedural posture of this case, timeliness depends primarily "upon the readiness of the case for trial." *Alexander v. Hall*, 64 F.R.D. 152, 157 (D.S.C.1974); *see Penick v. Columbus Education Association*, 574 F.2d 889 (6th Cir. 1978); *Skillken and Co. v. City of Toledo*, 528 F.2d 867 (6th Cir. 1975). Accordingly, plaintiffs' objection of prematurity is rejected.

To intervene of right, an applicant must prove that:

(1) He has an interest relating to the property or transaction that is the subject of the action;

(2) He is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and

(3) His interest is not adequately protected by the existing parties.

Fed.R.Civ.P. 24; *Blanchard v. Johnson*, 532 F.2d 1074 (6th Cir. 1976), *cert. denied* 429 U.S. 834, 97 S.Ct. 100, 50 L.Ed.2d 100 (1977); *Afro-American Patrolman's League v. Duck*, 503 F.2d 294 (6th Cir. 1974). The applicant here seeks intervention for two distinct purposes, to join in defending the action and to assert certain counterclaims against the plaintiff. We will examine these two distinct purposes separately.

It is undisputed that the applicant here has, with respect to his desire to contribute to the defense of this action, an interest relating to the transaction which is the subject of this action. It is clear that he has voted a certain way and possesses an interest in maintaining the efficacy of his vote. He also asserts an interest in maintaining the current management of AFC in control. However, the applicant's counterclaims do not pertain to the stockholders meeting that is the subject of this action, but rather to the bringing of this action itself. The applicant's interest in recovering damages for the bringing of this action is not an interest relating to the subject matter of this action. Therefore, the applicant here cannot claim a right to intervene with regard to his counterclaim.

Plaintiffs do not assert, with respect to the applicant's intervention as a defendant, that the applicant's ability to protect that interest will not be impaired or impeded by disposition of this action. Plaintiffs do, however, object that the applicant's ability to protect the interests asserted by his counterclaims would not be impaired or impeded by disposition of this action because the relief requested by the applicant differs from the subject matter of this action. While we cannot say that a determination of this action favorable to the plaintiffs would not make assertion of the applicant's counterclaims more difficult, we believe that the difference asserted by the plaintiffs goes more strongly toward the first element for intervention of right discussed in the preceding paragraph. Our disposition of that claim makes it unnecessary for us to determine whether or not the applicant's ability to protect the interests asserted by his counterclaims will be impeded or not.

As to the adequacy of representation by current parties, it is clear that the plaintiffs' interests are adverse to the applicant's. It is also clear that neither the corporate nor the individual defendants have any interest in asserting the counterclaims advanced by the applicant. As to the applicant's defense of this action, however, it appears that his interest and the interests of the class he seeks to represent will be adequately protected by the defendants who are already parties to this action.

We note first of all that, in this Circuit, the applicant has the burden of proof on this issue. *Blanchard v. Johnson*, 532 F.2d 1074 (6th Cir. 1976), *cert. denied* 429 U.S. 834, 97 S.Ct. 100, 50 L.Ed.2d 100 (1977); *Afro-American Patrolman's League v. Duck*, 503 F.2d 294 (6th Cir. 1974). With regard to defense of this action, the applicant seeks relief identical to that requested by the current defendants. Both the applicant and the current defendants share the ultimate objective of demonstrating the absence of wrongdoing in order to insure the continuance of present management and of the benefit plan adopted or ratified at the shareholders meeting.

> When the party seeking intervention has the same ultimate objective as a party in the suit, the presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance.

*Commonwealth of Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). The applicant here argues that the corporation may not assert certain defenses that he could assert, such as that the individual defendants are innocent of wrongdoing or that the acts alleged to be improper do not constitute a wrong against the corporation. This overlooks the fact that the individual defendants are raising these defenses and have even stronger motives to advance them than would the applicant. The applicant asserts that the individual defendants cannot adequately present the views of disinterested shareholders such as himself. This is not true; to the extent that the views of the nonaligned, minority shareholders are relevant to this case, the individual defendants may call the applicant or any other nonaligned, minority shareholder sharing his views, as a witness. *See Grogan v. American Brands, Inc.*, 70 F.R.D. 579, 580–83 (M.D.N.C.1976). Furthermore, to the extent that the applicant here seeks to assert defenses available to AFC, his interest in this matter is derivative only. AFC will adequately represent the applicant's interest on the issues. Indeed, the applicant may not assert such a derivative defense unless AFC would fail, through fraud or willful neglect, to assert it. *Big Creek Gap Coal and Iron Co. v. American Loan and Trust Co.*, 127 F. 625 (6th Cir. 1904). There is here no allegation nor any indication of collusion, fraud, or willful neglect by any of the defendants. We conclude therefore that the applicant's interests in defending this action will be adequately represented by the current defendants.

Accordingly, we deny intervention of right for the purpose of asserting a defense because the applicant's interests are adequately represented by the existing parties, and we deny intervention of right with regard to the applicant's counterclaims because they do not involve an interest relating to the property or transaction that is the subject matter of this action.

■ We turn now to the question of whether the applicant should be permitted to intervene in this action. "If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." 7A C. Wright & A. Miller, *Federal Practice and Procedure*, § 1913. We hold that in the current posture of this case, intervention should be denied.

The case of *Grogan v. American Brands, Inc.*, 70 F.R.D. 579 (M.D.N.C.1976) is clearly analogous. In *Grogan* a female employee brought an action against her employer alleging sex discrimination. Plaintiff filed on behalf of herself and a class consisting of past, present and future female employees. A group of female employees attempted to intervene as defendants, contending, *inter alia*, "that plaintiff neither represents them nor a majority of the female employees of defendants." *Id.* at 580. Their motion to intervene was denied "primarily because they have absolutely no place in this litigation other than as, perhaps, witnesses for defendants." *Id.* at 583. Under circum-

stances substantially similar to those in the case at bar, the *Grogan* Court concluded:

> Intervention of the type which is sought in this action would serve no useful purpose, would cause unnecessary delay and time expenditure, and would thus unduly prejudice the adjudication of all concerned. In short, the interveners could only muddy the waters unnecessarily."

*Id.* at 584.

We agree. The applicant for intervention in this case can offer nothing to the defense of this action that he could not offer by way of *amicus* briefs. We would welcome, from him, *amicus* briefs on the issue of plaintiffs' representation of the class. The applicant's counterclaims are clearly appropriate for separate action. Their incorporation in this case would unduly delay the adjudication of the matters inherent in this action. Of course, should it at any time appear that the defendants are not adequately representing the interests of the applicant for intervention, a renewed application could be considered.

Accordingly, the motion to intervene is denied, without prejudice.