DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Wood County Court of Common Pleas denying the motion to intervene filed by State Farm Mutual Automobile Insurance Company ("State Farm"), in the personal injury action between Dwayne and Carol Bennett, appellees, and Dinah Harrison. State Farm raises the following assignments of error:
"(1) The Trial Court erred by relying upon
 Civ.R. 24 and the three elements contained therein to the exclusion of the contractual agreement between the Plaintiffs and State Farm which obligated the Plaintiffs to join State Farm as a party Defendant in their lawsuit against the uninsured tortfeasor.
 "(2) The Trial Court erred in overruling State Farm's Motion to Intervene without consideration of the special circumstances that apply to an insurer that provides uninsured motorist coverage and which is likely to be bound by any judgment obtained by an insured against an uninsured tortfeasor pursuant to Motorists Mut. Ins. Co. v. Handlovic (1986), 23 Ohio St.3d 179, 492 N.E.2d 417, and Howell v. Richardson (1989), 45 Ohio St.3d 365.
 "(3) The Trial Court erred in relying upon the unreported decision of Visscher v. Rockich (July 12, 1995), Summit Cty. App. No. 16953, unreported, in overruling State Farm's Motion to Intervene."
In their complaint, filed October 2, 1998, appellees averred that Dwayne Bennett was involved in an automobile collision with Dinah Harrison on or about October 5, 1996 in Wood County, Ohio. Represented by counsel, Harrison answered appellees' complaint on November 9, 1998.
On December 18, 1998, State Farm filed a motion to intervene. State Farm asserted that, at the time of the accident, there was a policy of liability insurance issued by State Farm to Dwayne Bennett which included uninsured/underinsured ("UM") motorist coverage. State Farm also asserted that Bennett put State Farm on notice that Harrison was uninsured at the time of the accident. State Farm argued that pursuant to Civ.R. 24(A)(2), it should be permitted to intervene as a matter of right because State Farm's interests with respect to the UM claim could, as a practical matter, be impaired or its ability to protect those interests could be impeded. Additionally, State Farm asserted that the insurance contract entered into between State Farm and appellees specifically required that State Farm be joined as a party defendant in a lawsuit brought against an uninsured tortfeasor.[1]
Appellees opposed State Farm's motion to intervene and argued that although State Farm would have a right to intervene as a party plaintiff, due to its potential subrogation rights, State Farm would not be entitled to intervene as a party defendant. Appellees argued that the contractual provision relied upon by State Farm in its motion to intervene was, by its terms, not yet effective. Appellees asserted:
 "* * * State Farm has yet to proffer an amount of the uninsured motorists claim, there is no disagreement yet [if State Farm makes a good faith reasonable offer there is no reason to expect a disagreement]. In the case of a disagreement Dwayne D. Bennett expects to request arbitration, however he is not going to do so until he sees the valuation of State Farm. Assuming as we must that State Farm makes a good faith valuation and it is accepted, then State Farm will have an additional subrogated claim as a party plaintiff against defendant."
Appellees finally argued that "the provision requiring State Farm to join as a party defendant into plaintiff's litigation against the tortfeasor [when it has the option to fully protect its interest by arbitration or separate declaratory judgment action] has been found void as contrary to the public policy of R.C.3937.18. Jackson v. Faulkner (Mar. 1995), Ct. of Com. Pl. Warren Cty. No. 94CV-52022. [Footnote omitted.]"
On January 26, 1999, the trial court found that State Farm had failed to establish its right to intervene. Specifically, citing Blackburn v. Hamoudi (1986), 29 Ohio App.3d 350, 352, the trial court held that State Farm must demonstrate that three conditions existed: (1) it claims an interest relating to the property or transaction which is the subject of the action; (2) it is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest; and (3) the existing parties do not adequately represent its interest. The trial court found that State Farm did not make an allegation that its interest would not be adequately represented by the existing parties. Relying on Visscher v.Rockich (July 12, 1995), Summit App. No. 16953, unreported, the trial court held that Harrison had "as much interest in limiting the amount of [appellees'] damages as State Farm * * *." As such, the trial court concluded that State Farm failed to satisfy the third element of Blackburn, supra. State Farm timely appealed the decision of the trial court.
We find that State Farm's assignments of error are related and, therefore, will consider them together. State Farm argues that it should be permitted to intervene because Harrison, an uninsured tortfeasor, would not have the same resources as State Farm available to her. As such, Harrison could not adequately represent State Farm's interests. State Farm also argues that the contractual provisions contained within the insurance agreement between appellees and State Farm unambiguously require that State Farm be joined as a defendant in a lawsuit brought against an uninsured tortfeasor. State Farm further argues that it should be able to intervene because it would be bound by any judgment obtained by appellees against Harrison. Finally, State Farm argues that the trial court's reliance on Visscher, supra, was misplaced because the facts ofVisscher were distinguishable.[2]
Appellees respond that it is premature for State Farm to seek to enforce its contractual provision requiring it to be named a party defendant; that the contract is currently being litigated in Lucas County Court of Common Pleas; that the policy provision State Farm seeks to enforce violates R.C. 3937.18;[3] and that State Farm would not be bound by any judgment appellees obtained against Harrison.
At issue in this matter is Civ.R. 24(A)(2), which provides:
 "(A)Upon timely application anyone shall be permitted to intervene in an action * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
In order to intervene of right, State Farm must file a timely application and show "(1) that it claims an interest relating to the property or transaction which is the subject of the action; (2) that it is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (3) that the existing parties do not adequately represent its interest." ICSC Partners, L.P. v. Kenwood PlazaL.P. (1996), 116 Ohio App.3d 278, 281, citing, Blackburn v.Hamoudi (1986), 29 Ohio App.3d 350, 352. In general, Civ.R. 24(A) should be liberally construed. Blackburn, supra at 353.
Appellees argue that State Farm has no right to intervene as a defendant when it can adequately protect its interest through subrogation. Appellees, however, provided no supporting authority for this argument. To the contrary, we find that insurers are commonly added as party defendants in UM cases. See, e.g., Fuelling v. Wilcox (Aug. 1, 1997), Lucas App. No. L-97-1001, unreported.
Appellees also argue that State Farm will not be bound by any judgment in this matter and that it will have its opportunity to be heard in an action pending in the Lucas County Court of Common Pleas. Initially, we note that the existence of another case was not brought to the attention of the trial court for its consideration and, therefore, is not properly before this court. Additionally, despite appellees' assertions, the Ohio Supreme Court has stated that a UM carrier will be bound by any final judgment rendered against an underinsured tortfeasor:
 "If an insured, in good faith, prosecutes a lawsuit against an underinsured motorist with the knowledge of the insured's insurance company, generally both the insured and his insurance company are bound by any final judgment rendered as a result of such lawsuit that determines the liability of the underinsured motorist to the insured. (Universal Underwriters Ins. Co. v. Shuff
[1981], 67 Ohio St.2d 172, followed.)" (Emphasis in original.)
Motorists Mut. Ins. Cos. v. Handlovic (1986), 23 Ohio St.3d 179, syllabus. Handlovic also stated, "[w]hile an insured may be able to establish a legal entitlement to damages from an underinsured motorist by means other than a lawsuit against the underinsured motorist, a final judgment rendered as a result of such a lawsuit generally will be conclusive as between the insured and his insurer, regardless of whether the insurer has consented to the prosecution of the lawsuit." Id. at 182. See, also, Bryant v.Clark (1992), 62 Ohio St.3d 485, 488; and Howell v. Richardson
(1989), 45 Ohio St.3d 365, 367-368.
Accordingly, because State Farm would potentially be bound by any judgment against Harrison, it is important to ensure that State Farm's interests are adequately represented by existing parties. The trial court in this case found that State Farm failed to establish that Harrison could not adequately represent its interests. The trial court is correct that, generally, "`[w]hen the party seeking intervention has the same ultimate objective as a party in the suit, the presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance.'" ICSC, supra at 283, citing, Piedmont PaperProducts, Inc. v. Am. Fin. Corp. (S.D. Ohio 1980), 89 F.R.D. 41,44. See, also, Visscher v. Rockich (July 12, 1995), Summit App. No. 16953, unreported, (because underinsured defendant and plaintiffs' UM carrier had the same interests, i.e., to contest defendant's liability and the extent of plaintiffs' damages, the court found that the underinsured defendant adequately protected the UM carrier's interests). Visscher involved an underinsured motorist, rather than an uninsured motorist; nevertheless, we find that the rule of law is applicable.
In this case, State Farm asserts that Harrison cannot adequately represent its interests; however, Harrison is represented by counsel and has the same interests as State Farm,e.g., to contest her liability and the extent of appellees' damages. We find that State Farm's bald assertion that Harrison cannot provide the best defense available is insufficient to overcome the presumption of adequate representation. Should circumstances change, State Farm could again petition the trial court; however, we must agree that State Farm has made no demonstration that Harrison cannot adequately represent the interests that both she and State Farm share.
With respect to the contractual obligations between the parties, a motion to intervene is the incorrect manner by which to raise this issue. We disagree with appellees that State Farm's request to be a named defendant in the action against the tortfeasor is premature; however, insofar as State Farm seeks to enforce the terms of its policy with appellees, it must seek a declaratory judgment. A declaratory judgment action would determine whether the provision in State Farm's policy to be named a defendant was enforceable and/or whether appellees' failure to add State Farm as a defendant constituted a breach of their policy, possibly precluding them from recovery.
In summary, we find that the trial court did not err in denying State Farm's motion to intervene because State Farm failed to establish that its interests were not adequately represented by Harrison. Additionally, we find that the effect of State Farm's contractual provisions must be determined in a declaratory judgment action, not in a motion to intervene. Accordingly, we find State Farm's assignments of error not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Costs of this appeal to be paid by State Farm.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________________ JUDGE Melvin L. Resnick, J.
 _______________________________ JUDGE CONCUR. James R. Sherck, J.
 _______________________________ JUDGE Richard W. Knepper, J.
[1] Section III of State Farm's policy, "Uninsured Motor Vehicle", provided in pertinent part:
"Deciding Fault and Amount
 "Two questions must be decided by agreement between the insured and us:
 "1. Does the owner or driver of the uninsured motor vehicle legally owe the insured damages; and
"2. If so, in what amount?
"If there is no agreement, then:
 "1. If both parties consent, these questions shall be decided by arbitration as follows:
 "Each party shall select a competent and impartial arbitrator. These two shall select a third one. The written decision of any two of the three arbitrators shall be binding on each party. If the two selected arbitrators are unable to agree on a third one within 30 days, the insured shall proceed as provided in item 2 below.
 "The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.
 "The arbitration shall take place in the county in which the insured resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall be used; or
 "2. If either party does not consent to arbitrate these questions or if the arbitrators selected by each party cannot agree on the third arbitrator, the insured shall:
 "a. file a lawsuit in the proper court against the owner or driver of the uninsured motor vehicle and us, or if such owner or driver is unknown, against us; and
 "b. upon filing, immediately give us copies of the summons and complaints filed by the insured in that action, and
 "c. secure a judgment in that action. The judgment must be the final result of an actual trial and an appeal, if an appeal is taken.
 "3. If the insured files suit against the owner or driver of the uninsured motor vehicle, we have the right to defend on the issues of the legal liability of and the damages owed by such owner or driver.
 "We are not bound by any judgment against any person or organization obtained without our written consent." (Emphasis added.)
[2] Visscher involved an underinsured tortfeasor, rather than an uninsured tortfeasor. State Farm asserts, "[i]t is understandable that the Trial Court in Visscher could have concluded that a liability insurer with $50,000 of exposure would expend the same degree of effort to defend the Plaintiff's claim as an underinsured motorist carrier that had a higher limit."
[3] Appellees did not fully brief their argument concerning R.C.3937.18. Rather, appellees merely made reference to another case in which the argument was allegedly briefed. As a matter of procedure, we find appellees' method of briefing by reference to be improper, pursuant to App.R. 16(A)(7), and is insufficient to warrant review.