564 F.2d 1343
 HAWAII-PACIFIC VENTURE CAPITAL CORP., David M. Sapp and
Philip Gillin, on behalf of themselves and all
others similarly situated, Plaintiff-Appellees,
v.
H. B. ROTHBARD, Willard M. P. Wong, Raymond C. Ho, Gary D.
Ross and Wong Investment Co., Inc., Defendants,
and
American Security Bank, Bank of Hawaii, et al., Garnishees,
and H. T. Wong, James Morikawa and L. W. Carmody,
Applicants for Intervention, Appellants.
 No. 76-1920.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 28, 1977.
 
 Edward R. Bendet (argued), Honolulu, Hawaii, for appellants.
 Jack C. Morse (argued), Honolulu, Hawaii, for appellees.
 Appeal from the United States District Court for the District of Hawaii.
 Before ELY, HUFSTEDLER and WRIGHT, Circuit Judges.
 HUFSTEDLER, Circuit Judge:
 
 
 1
 H. T. Wong, James Morikawa, and L. W. Carmody sought to intervene in a class action suit for securities fraud arising out of a 1969 transaction in which Air Hawaii, Inc. ("AH") (a predecessor of Hawaii-Pacific Venture Capital Corp.) exchanged its assets and liabilities for stocks of Union Investments, Inc. ("Union"). The district court denied their motion for intervention except for their participation in a hearing to determine the identity of the AH shareholders of record on November 22, 1968. An amendment of the order limited their participation in the hearing to amicus status and included them in the plaintiff class upon proof of their stock holdings. The would-be intervenors appeal from the order denying intervention.
 
 
 2
 The class action suit was originally filed on January 6, 1970, alleging that, unknown to the other AH shareholders, H. B. Rothbard and Willard Wong, officers and principal shareholders of AH, made a side deal with Union in the 1969 AH-Union transaction and obtained $500,000 secret profit. The complaint sought recovery of the secret profit. In April, 1972, the class was certified to include all AH shareholders of record on November 22, 1968. Notices were sent by the clerk of the district court to forty shareholders whose names appeared on a shareholder list compiled by the two named plaintiffs who are directors of AH. The list did not contain the names of appellants. In May, 1972, a motion was made to settle the claim against Rothbard, to dismiss him as a defendant, and to join him as a member of the plaintiff class on the ground that Willard Wong had retained the bulk of the secret profit except for $53,500 paid to Rothbard, and that Rothbard could be of considerable help to the plaintiffs because of his inside knowledge of the facts surrounding the transaction in question. After further notice to the then known class members and receiving no objections, the motion was granted in December, 1972. In February, 1973, a shareholders list compiled by Rothbard with 52 names was introduced at trial. The Rothbard list of shareholders contained the names of the appellants. No new notices were sent, however, to the additional shareholders on the Rothbard list. In May, 1973, a judgment was entered against Willard Wong and he appealed to this court. In February, 1975, this court, in an unpublished order, remanded the case to the district court for a further hearing on the computation of damages. The judgment on remand was entered in March, 1975. The present motion to intervene was filed by the appellants in April, 1975, shortly after one of the appellants was subpoenaed for a deposition by counsel for Rothbard. H. T. Wong claimed ownership to 250,000 shares of AH stock; Morikawa 10,000 shares; Carmody 200,000 shares.
 
 
 3
 The appellants contend that they are entitled to intervene as a matter of right under Federal Rules of Civil Procedure ("FRCP") Rule 24(a)(2).[1] As stockholders of AH, the appellants have an interest in the 1969 AH-Union transaction which is the subject of the class action suit. The appellants have lost their investments in AH and have been damaged by the 1969 AH-Union transaction. The appellants further contend that they are so situated that the disposition of the class action may as a practical matter impair or impede their ability to protect their claims arising from the 1969 AH-Union transaction. The gravamen of their contentions is that from 1970 to 1975 they did not have notice of the class action proceedings, and that their ability to protect their interests has been greatly damaged by the conduct of the class action proceedings in their absence. They complained that the class counsel failed to append to the federal securities claim a state claim seeking payment for unpaid AH stock subscriptions, that the final judgment against Willard Wong may not bar his pro rata participation in the recovery, and that an attorney's fee of $107,000 was awarded to the class counsel. Above all, they attacked the settlement agreement with Rothbard and the resulting realignment of Rothbard as party plaintiff and sought a new trial against both Willard Wong and Rothbard.
 
 
 4
 To begin with, the appellants' contention that their state claims seeking payment for unpaid AH stock subscriptions are now barred by the statute of limitations alleges harm not related to and not attributable to the disposition of the class action suit. It is the appellants' own negligence and failure to raise the state subscription claims for over seven years that bars them. The conduct of a class action suit that they did not know about could not have lulled them into resting on their rights. If the present class action suit had not been filed, the appellants would have been in precisely the same position as they are now with respect to the subscription claims.
 
 
 5
 It is evident from their contentions that the appellants do not wish to be bound by the class action judgment and the settlement agreement with Rothbard. A colorable case can be made that they should not be so bound. They were not notified of the class action suit at the outset or of the Rothbard settlement agreement, nor were they contacted when their names surfaced in the Rothbard list of shareholders introduced at trial in February, 1973. They were thus not given any opportunity either to opt in or opt out of the class action suit and should not be precluded from attacking the binding effect on them of the Rothbard settlement or of the class action judgment. (Eisen v. Carlisle & Jacquelin (1974) 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732. See generally, Note, Collateral Attack on the Binding Effect of Class Action Judgments (1974) 87 Harv.L.Rev. 589.)
 
 
 6
 The appellants' dissatisfactions with the conduct of the class action proceedings are, however, insufficient under the circumstances of this case to bring themselves within the criteria for an intervention as a matter of right. They have not shown that the disposition of the class action suit may, as a practical matter, impair or impede their ability to protect their interests in the 1969 AH-Union transaction as required by FRCP Rule 24(a)(2). On the contrary, their ability to protect their interests in the 1969 AH-Union transaction may have been enhanced by the class action suit despite their own neglect in bringing any action for over seven years after the alleged fraud. First, if we assume the truth of their intervention premise, the appellants only became aware of their potential claims arising out of the 1969 AH-Union transaction because of the class action suit. Second, the appellants may be able to participate in the class action judgment against Willard Wong upon satisfactory proof of their standing as class members. Third, as a further alternative to either participating in the class action judgment or pursuing their individual claims in independent actions, the appellants are free to initiate direct or collateral attacks against the class action judgment as a means of protecting their interests in the 1969 AH-Union transaction. We therefore conclude that the appellants have not sustained their burden of proving impairment or impediment to their ability to protect their interest in the 1969 AH-Union transaction by virtue of the class action suit.
 
 
 7
 Finally, the appellants are concerned that the class action judgment and the assessment of $107,000 in attorney's fee against Willard Wong because of his intentionally fabricated testimony that prolonged the proceedings may decrease the collectibility of any subsequent judgments they may obtain in the future against Willard Wong. This contention likewise does not give the appellants the right to intervene in the class action suit. Logically extended, the appellants' contention would give the right to intervene in the class action suit to all persons with potential claims against any party in the class action suit on the ground that the outcome of the class action suit may increase or decrease the collectibility of their claims. This would abandon completely the general notion that a plaintiff may control his action and the FRCP Rule 24(a) (2) requirement that an unrepresented petitioner must show an interest in the underlying transaction to support an absolute right of intervention.
 
 
 8
 Of course, it would have been better if the class counsel had notified the appellants of the class action suit as soon as their names surfaced in the Rothbard list of shareholders, or if the class counsel had been able to discover the existence of the additional shareholders at the outset. These imperfections, however, do not dictate that the appellants be permitted unlimited intervention in the class action suit at this late stage of the class action proceedings and that Willard Wong be granted a new trial after more than seven years of protracted litigation. (United States v. Blue Chip Stamp Co. (C.D.Calif.1967) 272 F.Supp. 432, 436, aff'd sub nom. Thrifty Shoppers Scrip Co. v. United States (1968) 389 U.S. 580, 88 S.Ct. 693, 19 L.Ed.2d 781. Where, as here, the would-be intervenors have alternate means of relief, an order denying a motion for intervention is not appealable. (Brennan v. Silvergate District Lodge No. 50 (9th Cir. 1974) 503 F.2d 800, 803; Reich v. Webb (9th Cir. 1964) 336 F.2d 153, 156; 7A Wright & Miller, Federal Practice & Procedure, § 1923 at 627.) Moreover, unless the district court has abused its discretion, an order denying permissive intervention is also not appealable. Van Hoomissen v. Xerox Corp. (9th Cir. 1974) 497 F.2d 180, 181; Weiser v. White (5th Cir. 1974) 505 F.2d 912, 916-18, cert. denied, 421 U.S. 993, 95 S.Ct. 1998, 44 L.Ed.2d 482 (1975).
 
 
 9
 APPEAL DISMISSED.
 
 
 
 [1]
 "(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action . . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."