Ilse ZIMMERMAN, et al.

v.

Griffin B. BELL, et al.

Civ. No. Y–82–2658.

United States District Court, D. Maryland.

March 14, 1984.

See also, D.C., 585 F.Supp. 512.

Leon J. Rudd, Baltimore, Md. and Irving Bizar, New York City, for plaintiffs.

George Beall, Baltimore, Md. and Robert C. Myers, New York City, for defendants.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

In the wake of the Martin Marietta-Bendix-United Technologies-Allied Corporation takeover, plaintiff stockholders of Martin Marietta filed this derivative action against the directors of the Martin Marietta Corporation alleging that the directors violated their fiduciary duties to the stockholders and to the corporation by acting to block a tender offer for Martin Marietta stock made by the Bendix Corporation, and by providing themselves and their officers with "golden parachute" contract provisions.

Now before the Court is the motion to intervene of Richard Ash, also a stockholder of Martin Marietta, who wishes to join the litigation. Ash had filed claims similar to the plaintiffs' in Maryland state court, and in federal district court in Delaware. Last summer, the Montgomery County Circuit Court, which had jurisdiction over Ash's state court claim, ordered Ash (on penalty of dismissal of his state claim) to attempt to intervene in this case, presumably to avoid any duplicative litigation. As ordered, Ash moved to intervene.

The application for intervention is not opposed by the defendants, although they have requested that certain conditions be attached to Ash if he is allowed to intervene (Ash has noted he will comply with the conditions). The plaintiffs, however, have filed memoranda in opposition to Ash's motion to intervene, primarily claiming that Ash's intervention is not required and that his intervention as a permissive matter would result in the destruction of complete diversity of citizenship between plaintiffs and defendants, which grants federal jurisdiction to this case.

The facts relied upon by the plaintiffs in opposing the motion to intervene are admitted and acknowledged by all parties. Ash is a resident of Pennsylvania, as are three of the defendant directors in the original case. In Ash's intervenor complaint, he has excluded these three individuals as defendants, apparently to avoid any effect on diversity jurisdiction.

At the outset, it is important to note that there are two types of intervention covered by the rules. Rule 24(a) of the Federal Rules of Civil Procedure defines those situations in which a party has a right to intervene in a proceeding:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The second section of Rule 24 covers "permissive intervention."

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Ash first claims that he has a right to intervene under Rule 24(a). If, indeed, Ash has a right to intervene, the destruction of complete diversity between the parties would not cause concern, since intervention by right has been repeatedly held to fall under a federal court's ancillary jurisdiction and to have no effect on the complete diversity of the parties.

A merger of parties as a result of intervention under Rule 24 presents difficult questions about whether diversity should be redetermined at the time of intervention. The general rule is that a party who intervenes as of right under Rule 24(a) falls under the court's ancillary jurisdiction and therefore his citizenship is irrelevant. On the other hand, permissive intervenors under Rule 24(b) are required to meet jurisdictional requirements so that the existence of diversity must be redetermined at the time intervention is requested. Wright and Miller, *Federal Practice and Procedure*, § 3608 at p. 658 (1975).

However, as Rule 24(a) notes, intervention of right will not be granted, absent special circumstances not relevant here, unless the party seeking intervention is being inadequately represented. The burden is on the party seeking intervention to show that his interests are inadequately represented. *Blanchard v. Johnson*, 532 F.2d 1074, 1077 (6th Cir.1976), *cert. denied*, 429 U.S. 834, 869, 97 S.Ct. 100, 180, 50 L.Ed.2d 100, 149 (1976); *Newport News v. Peninsula Shipbuilders*, 646 F.2d 117, 120 (4th Cir.1981), although the required showing is, as the movant correctly states, "minimal." *New-

port News*, 646 F.2d at 122; *Foster v. Gueory*, (D.C.Cir.1981), 655 F.2d 1319, 1325.

Ash states that the reason his interests are not being adequately represented is that he made a demand on the corporation to sue the directors before bringing his derivative suit, while the present plaintiffs did not. Indeed, he notes, the defendants have moved to dismiss this action on these grounds. *See* defendant's motion to dismiss filed March 14, 1983, at 9–21.

■ Having reviewed the memoranda submitted by the plaintiffs and the defendants on this subject, and reviewing the applicable rules and the case law, this Court has determined that a demand on the directors of the corporation by the plaintiffs would have been futile—a notion which is re-enforced by the fact that applicant Ash's own attempt to have the directors bring an action on behalf of the corporation against themselves was, in fact, unsuccessful. The Court would also note that the plaintiffs appear to have been competent and vigorous in their prosecution of this case. Therefore, the Court concludes that there has been no showing of "inadequate representation" by the plaintiffs, and applicant Ash does not have a *right* to intervene in this proceeding.

Denial of intervention as of right does not settle the matter, since Ash has also applied for permissive intervention. The Court has concluded that permissive intervention should be granted.

■ The applicant patently meets the first condition of Rule 24(b), which governs permissive intervention, in that his claim has questions of fact and law in common with the plaintiffs (in fact his claim is virtually indistinguishable). However, the Court must also consider whether allowing intervention would "prejudice" the rights of the original parties, and the plaintiffs have expressed their concern that allowing the applicant to intervene would result in destruction of complete diversity between the parties, requiring dismissal of the suit.

There is no recent authority addressing whether the intervention of a stockholder, who is a citizen of the same state as at least one of the defendants, in another stockholder's derivative action will result in the destruction of complete diversity. Therefore, the Court must balance the stated authority holding that such intervention does not destroy diversity against the general rule that "the existence of diversity must be redetermined at the time [permissive] intervention is requested." Wright and Miller, *supra*, § 3608 at p. 658.

The authorities which support a grant of permissive intervention under these circumstances include *Weinstock v. Kallet*, 11 F.R.D. 270, 272 (S.D.N.Y.1951); *Himmelblau v. Haist*, 195 F.Supp. 356, 357; and C. Wright, *Law of Federal Courts*, (4th Ed. 1983) § 73 at 491. The rule was most completely stated by Judge Leibell in *Weinstock:*

> The intervention of the thirteen additional stockholders, notwithstanding the fact that they are citizens of the same state as the defendants, would not divest the court of jurisdiction, because in a stockholders' derivative action the jurisdiction of this court is founded on the diverse citizenship of the original parties to the action. The citizenship of subsequent intervening plaintiffs is immaterial. This is the rule in a representative class action and, I believe, it applies also to a stockholders' derivative action.

It has indeed been the rule, since *Stewart v. Dunham*, 115 U.S. 61, 64, 5 S.Ct. 1163, 1164, 29 L.Ed. 329 (1885) and *Supreme Tribe of Ben Hur v. Cauble*, 255 U.S. 356, 366, 41 S.Ct. 338, 342, 65 L.Ed. 673 (1921), that, in a true class action, diversity jurisdiction is not destroyed—where the original named parties representing the class are citizens of different states than their opponents—by the intervention of other members of the class whose residency destroys complete diversity. *See Williams v. Humble Oil & Refining Co.*, 234 F.Supp. 985, 988 (E.D.La.1964). As a stockholders' derivative action brought under Rule 23.1 of the Federal Rules of Civil Procedure is sanctioned for the same reasons as—and permitted under circumstances identical to—class actions under Rule 23, this Court can see no reason why permissive intervention of non-diverse parties in derivative suits should be treated any differently than in class actions.

Accordingly, this Court finds that Ash's motion to intervene should be granted, as his complaint presents substantially the same issues of fact and law as presented by the original complaint, and his intervention will not result in the destruction of federal jurisdiction over this case, or in any other prejudice to the existing parties. However, his intervention will be restricted to the following conditions:

1.  Ash is permitted to intervene only in *Zimmerman v. Bell, et al.*, docket number Y–82–2658, and he will be permitted only to pursue derivative (as opposed to class action) claims;

2.  Ash is instructed that his claims will be consolidated with the *Zimmerman* and *Horowitz* actions for pretrial discovery and trial purposes in accordance with the Order of this Court dated February 22, 1983; and

3.  The original plaintiffs' counsel will serve as lead trial counsel for Ash and the original plaintiffs.