**Clifford C. BOTTOMS,**
**Plaintiff-Appellee,**

v.

**DRESSER INDUSTRIES, INC.,**
**Defendant-Appellee,**

**Kenneth Foster, Applicant for**
**Intervention-Appellant.**

No. 84–1437.

United States Court of Appeals,
Tenth Circuit.

July 24, 1986.

Rehearing Denied Oct. 15, 1986.

Alan Agee of Garvin, Agee & Meisel, Pauls Valley, Oklahoma, for appellant Kenneth Foster.

Jerry J. Dunlap (Gary Peterson of Dunlap & Codding, with him on briefs), Oklahoma City, Okl., for plaintiff-appellee Clifford C. Bottoms.

Charles F. Alden III (Page Dobson of Holloway, Dobson, Hudson & Bachman, Oklahoma City, Okl., and Rodney K. Caldwell of Arnold, White & Durkee, Houston, Tex., of counsel, with him on brief), for defendant-appellee Dresser Industries, Inc.

Before LOGAN, SETH, and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

The issue in this appeal is whether the district court correctly denied appellant Kenneth Foster's motion to intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2). We affirm.

Foster attempted to intervene in an action Clifford C. Bottoms had initiated against Dresser Industries, Inc. to recover royalties pursuant to a 1971 agreement. In that agreement, Bottoms assigned Dresser his interest in an oil well drilling tool on which Bottoms held U.S. Patent No. Re 26,745. Bottoms was entitled to five percent of the net sales and rentals of all devices that infringed the patent. Dresser apparently paid royalties to Bottoms through 1981 but then declared that it was no longer infringing Bottoms' patent and thus not obligated to make payments. Bottoms' suit against Dresser on the agreement was filed in March 1982. Discovery essentially had been completed, some issues settled, and the case was within two months of trial when Foster sought to intervene on January 16, 1984.

Foster alleges that he and Bottoms entered into a partnership agreement in March 1965 entitling Foster to a one-half interest in the patent at issue in the Bottoms-Dresser action. Pursuant to this agreement, in 1965 Foster designed and

sent to Bottoms a model of an oil well drilling tool called a "bumper sub." Thereafter Bottoms informed him that the device was a failure and could not be patented. Sometime during 1982 Foster discovered that Bottoms had patented a device similar to the bumper sub in August 1965. In November 1983, he learned of the action pending between Bottoms and Dresser.

The district court denied Foster's motion to intervene. It reasoned that, although Foster does have an interest in the litigation between Bottoms and Dresser, Bottoms would represent Foster's interests adequately. The court also noted that, even if Dresser settled with Bottoms, Foster could pursue his claims against Bottoms in a separate action.

■ Fed.R.Civ.P. 24(a)(2) provides that a person is entitled to intervene as a matter of right when

> "the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Foster claims an interest in the property or transaction, as required by 24(a)(2), but that is not enough. He also carries the burden of showing that Bottoms may represent his interests inadequately, *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972); *Natural Resources Defense Counsel, Inc. v. United States Nuclear Regulatory Commission*, 578 F.2d 1341, 1345-46 (10th Cir.1978), and that disposition of the action will impair his ability to protect those interests. Fed.R.Civ.P. 24(a).

The most common situation in which courts find representation *adequate* arises when the objective of the applicant for intervention is identical to that of one of the parties. On this basis shareholders have been denied intervention in derivative actions when their interests were represented by other shareholders or the corporation, *see In re General Tire & Rubber Co. Securities Litigation*, 726 F.2d 1075, 1087 (6th Cir.1984), *cert. denied, Schreiber v. Gencorp, Inc.*, 469 U.S. 858, 105 S.Ct. 187, 83 L.Ed.2d 120 (1985); *Zimmerman v. Bell*, 101 F.R.D. 329, 331 (D.Md.1984); *Piedmont Paper Products v. American Financial Corp.*, 89 F.R.D. 41, 44 (S.D.Ohio 1980); insurance agents have been denied intervention in actions between the insurer and insured, *see Continental Graphic Services, Inc. v. Continental Casualty Co.*, 681 F.2d 743, 745 (11th Cir.1982); and remaindermen under a trust and heirs of an estate have been denied intervention in actions brought by fiduciaries, *see Peterson v. United States*, 41 F.R.D. 131, 134-35 (D.Minn. 1966); *see also Bumgarner v. Ute Indian Tribe*, 417 F.2d 1305, 1308-09 (10th Cir. 1969). Foster alleges that he is Bottoms' partner or at least entitled to a fifty percent interest in the patent. We fail to see how Foster's interest in the outcome of this litigation differs from Bottoms' interest.

■ Although there obviously is a serious dispute between Bottoms and Foster, Bottoms has an overwhelming interest in maximizing the amount of royalties Dresser owes under the licensing agreement. In this sense, if Bottoms and Foster are partners or co-owners of the patent as Foster claims, they are in the same position as the stockholder and corporation in those derivative actions in which the stockholder sues to vindicate the corporation's rights: Each has an identical interest and motivation in obtaining the greatest possible recovery. Because the interests of Bottoms and Foster are identical, Foster must make "a concrete showing of circumstances ... that make [Bottoms'] representation inadequate." 7A C. Wright & A. Miller, *Federal Practice & Procedure* § 1909, at 529 (1972). Moreover, in this type of case, the party's representation is presumptively adequate. *See Moosehead Sanitary District v. S.G. Phillips Corp.*, 610 F.2d 49, 54 (1st Cir.1979); *Commonwealth of Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 (4th Cir.1976). This presumption may be overcome by showing that there is collusion between the representative and

an opposing party, that the representative has an interest adverse to the applicant, or that the representative failed to represent the applicant's interest. *Sanguine, Ltd. v. United States Department of the Interior,* 736 F.2d 1416, 1419 (10th Cir.1984). Foster did not show any of these.

■ Foster argues that Bottoms' representation is inadequate because Bottoms asserts he is entitled to all the royalties Dresser owes while Foster claims only one-half of the royalties. This argument merits no significant response. Bottoms obviously wants to get as much as possible out of Dresser, despite his dispute with Foster. This ultimately would work to Foster's advantage in an action against Bottoms.

■ Foster, attempting to show adversity or collusion, argues that Bottoms may have structured the eventual settlement of the litigation to Foster's detriment. Specifically he alleges that Bottoms may have bargained away his claim to royalties and based the settlement instead on a consulting agreement he had with Dresser. This is wholly unconvincing. The consulting agreement apparently expired in 1973; only royalties were paid between 1974 and 1981. *Bottoms v. Dresser Industries, Inc.,* No. 82–388–W, slip op. at 2 (W.D.Okl. Feb. 23, 1984) (R. III, 644). Thus it appears extremely unlikely that the settlement could be based on unpaid consulting fees. Moreover, Bottoms has made no claims for consulting fees. Therefore it is very doubtful that the scenario Foster paints would occur.[1] *See Moosehead Sanitary District,* 610 F.2d at 54 (must be more than "speculation" concerning inadequacy of representation).

■ We also cannot accept Foster's argument that Bottoms, who originally made claims concerning two patents, only one of which affected Foster, might structure the settlement so that royalties would be paid only on the patent in which Foster had no interest. The court approved the parties'

dismissal of the claim on that patent the day the motion to intervene was filed. R. III, 585, 586. Thus it should not have been part of any settlement reached with respect to the claim in which Foster had an interest. If Bottoms did structure a settlement with Dresser to favor his own interest over that of Foster, presumably he still would receive the same total amount of money. The settlement with Dresser could then be examined in litigation between Foster and Bottoms; if Bottoms cheated Foster, Bottoms would be responsible for the loss in damages.

■ Foster also argues that the district court's order approving the settlement and dismissing the action impaired his ability to recover by preventing him from bringing a later action against Dresser. The district court's order of dismissal stated:

> "It is the express purpose and intent of this order that all claims or causes of action which were or might have been asserted by plaintiff, Clifford C. Bottoms, or by any person, firm, corporation, partnership, or entity claiming by, through or under the said plaintiff (including all claims for royalties due for future practice, or for the sale or rental of any device which infringes a claim of the patent in suit U.S. Re 26,745) shall be extinguished and forever discharged as against the defendant, Dresser Industries, Inc."

*Bottoms v. Dresser,* No. 82–388–W, slip op. at 1 (W.D. Okla. March 22, 1984) (R. IV, 1027). Assuming the district court's order would preclude an action by Foster against Dresser, we do not believe that Foster's ability to recover would be impaired. Foster's claim for royalties necessarily is limited to one-half of the amount Dresser owes Bottoms. And, as discussed above, Bottoms has every incentive to maximize the recovery from Dresser for royalties owed. Thus, even if Foster could not bring an action against Dresser, he could collect the money allegedly owed him by bringing an

---

1. In addition, the possibility that the parties may settle does not alone warrant intervention. *See Sanguine, Ltd. v. United States Dep't of the Interior,* 736 F.2d 1416, 1419 (10th Cir.1984); *Commonwealth of Virginia v. Westinghouse Electric Corp.,* 542 F.2d 214, 216 (4th Cir.1976).

action against Bottoms. In fact, the district court specifically stated that it would not "decide any issues regarding the dispute between Foster and Bottoms." *Bottoms v. Dresser*, No. 82–388–W, slip op. at 6 (W.D.Okla. Feb. 23, 1984) (R. III, 648).

■ The only possible impairment of Foster's ability to recover would occur if Bottoms disposed of the settlement proceeds before Foster could assert a claim against him. But there is no evidence that Bottoms is likely to do this, and "the mere fact that the first action may decrease the ability of the intervenor to collect a potential judgment ... is insufficient to be considered a substantial impairment of an interest" under Rule 24(a)(2). *Jet Traders Investment Corp. v. Tekair, Ltd.*, 89 F.R.D. 560, 570 (D.Del.1981) (citing *Hawaii-Pacific Venture Capital Corp. v. Rothbard*, 564 F.2d 1343 (9th Cir.1977); *Old Colony Trust Co. v. Penrose Industries Corp.*, 387 F.2d 939 (3d Cir.), *cert. denied*, 392 U.S. 927, 88 S.Ct. 2283, 20 L.Ed.2d 1385 (1968); *Liberty Mutual Insurance Co. v. Pacific Indemnity Co.*, 76 F.R.D. 656 (W.D.Pa.1977); *In re Penn Central Commercial Paper Litigation*, 62 F.R.D. 341 (S.D.N.Y.1974), *aff'd per curiam*, 515 F.2d 505 (2d Cir.1975)); *see also* 3B J. Moore & J. Kennedy, *Moore's Federal Practice* # 24.07[3], at 24–64 (fact that prior judgment may impair collectibility of claim insufficient impairment).

■ Foster thus has not offered any concrete evidence demonstrating inadequacy of representation or impairment of his interest. Further, the motion to intervene came after extensive discovery and just before a scheduled trial on Bottoms' claims against Dresser. Nearly 600 pages of pleadings and orders had accumulated in the record before Foster sought to assert an interest in the patent titled to Bottoms. Foster's claim was based upon an alleged agreement between Foster and Bottoms nearly twenty years before. Allowing the intervention could only cause delay and inject elements into the suit totally irrelevant to whether Dresser had breached the licensing agreement.

The decision of the district court is AFFIRMED.

SETH, Circuit Judge, dissenting:

I must respectfully dissent from the majority opinion in an appeal from a denied motion to intervene in an action in the United States District Court for the Western District of Oklahoma. Appellant, Kenneth Foster, sought to participate in an action commenced by Clifford Bottoms against Dresser Industries, Inc. in which Mr. Bottoms sought royalties allegedly due him from Dresser under a contract for the sale of certain patent rights. Dresser had crossclaimed against Mr. Bottoms for royalties it had allegedly paid by mistake. The appellant claimed an interest in the patent rights which were the subject of the contract and sought to intervene as of right under Fed.R.Civ.P. 24(a)(2). The district court denied appellant's motion to intervene and thereafter dismissed the underlying action when Mr. Bottoms and Dresser settled their claims against each other. Mr. Foster now appeals his denied motion to intervene.

In addition to pursuing this appeal Mr. Foster filed an action in state district court against Mr. Bottoms and Dresser. Dresser was successful in obtaining a dismissal in that action by arguing that patent infringement actions lie exclusively within the jurisdiction of the federal courts. Dresser has also filed an action in the United States District Court for the Western District of Oklahoma against Mr. Foster seeking a declaratory judgment that Mr. Foster has no claims against Dresser by reason of the patents.

The basis for Mr. Foster's claimed interest in the Bottoms-Dresser patent infringement dispute is explained by the following version of facts. Mr. Foster alleges that in early 1965 he and Clifford Bottoms entered into an agreement by which Mr. Foster would design and construct an oil field tool called a "bumper sub" and Mr. Bottoms would use his lawyer to obtain a patent on the tool. They were to share equally in all profits from the "bumper sub" and its ap-

plications. After constructing the "bumper sub" and delivering it to Mr. Bottoms in California appellant returned home to Oklahoma to await the patent application process. Shortly thereafter Mr. Foster received a call from Mr. Bottoms who told him that the "bumper sub" had failed, that it would not merit a patent application and that Mr. Foster should forget all about it. The appellant followed this advice.

However, in August of 1965 Mr. Bottoms made an application to the Patent Office and later received a patent on the "bumper sub" which was subsequently reissued in late 1969 as U.S. Patent No. RE 26,745. In 1971 Mr. Bottoms entered into an agreement with Dresser whereby he assigned the rights to that patent and any future patents in return for 5% of net sales and rentals of devices infringing on the patent in addition to a $1,000 per month retainer fee. The scope of the patent, its applicability to Dresser's equipment and the amount of any royalties thereby due to be paid or refunded were the central elements of the action in which Mr. Foster sought to intervene. Mr. Foster claimed a property interest in the patent by reason of the alleged partnership agreement and moved to intervene to recover one-half of any royalties and interest found still to be due from Dresser and to recover from Clifford Bottoms one-half of the royalties already paid. The motion was denied with the district court concluding Mr. Foster's interest would not be impaired and, in any event, he was adequately represented by Mr. Bottoms.

Rule 24(a)(2) provides for intervention as of right in an action where:

"the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

In *Natural Resources, Etc. v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341 (10th Cir.1978), and *National Farm Lines v. I.C.C.*, 564 F.2d 381 (10th Cir.1977), on the subject of what interest is necessary to permit intervention, we pointed out that the interest of the applicant seeking intervention need be significant but need not be direct. Here the intervenor has alleged facts which if true would support his claim of rights to the patent. Accordingly, I agree with the district court's conclusion that the appellant here did allege a sufficient interest relating to the property that is the subject of the action. However, I must disagree with the district court's determination that Mr. Foster did not establish the existence of the second and third elements necessary to permit intervention.

As we noted in *Natural Resources, Etc.*, the question of the impairment of the applicant's interest is difficult to separate from the question of the existence of an interest. 578 F.2d at 1345. In a situation where it has already been determined that the applicant for intervention has alleged a sufficient interest in the litigation it is also useful to recall that the rule refers to impairment "as a practical matter." Thus the court is not limited to a consideration of strictly legal consequences. 578 F.2d at 1345. With the additional standard in the rule that the impairment of interest criterion is something which "may" occur I must conclude that the possibility of the plaintiff pressing purely individual or personal claims at trial or in settlement negotiations at the expense of claims shared with Mr. Foster does in fact suggest a potential impairment. Where a potential impairment is raised, the applicant need not wait until it comes to fruition. Even at this point where a settlement has been reached by the original parties to the action it cannot be shown that Mr. Foster's interests have not been impaired.

Finally, I reach the question of whether Mr. Foster's interest was adequately represented in the litigation by Mr. Bottoms. In *National Farm Lines v. I.C.C.*, 564 F.2d 381 (10th Cir.1977), we stated that although the burden is upon the applicant to show that representation by existing parties may be inadequate, that potential is all that

need be shown and the burden is minimal. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 92 S.Ct. 630. This potential has certainly been shown to be present. We cannot remove this potential by in this court resolving the dangers by advancing what are acknowledged as only possibilities, speculations and assumptions. In these circumstances I think it is misleading to apply an overly mechanistic test of determining whether the entire scope of Mr. Foster's claims lies entirely within the complaint of the original plaintiff.

Where the essence of Mr. Foster's sought participation in the litigation is to protect his rights in the patent allegedly denied by Mr. Bottoms' long concealed fraud I find little to suggest that the plaintiff will adequately represent Mr. Foster's interests. The settlement between Dresser and Mr. Bottoms involved several patents and several interests between them. It also appears that a cross-claim against Mr. Bottoms was resolved in the litigation.

I would hold that the motion to intervene should have been granted.