955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bertram HICKMAN, an individual; Software Services of
America, a Massachusetts corporation, Plaintiffs-Appellees,
v.
Aleksandrs V. LAURINS, an individual; Bliss Securities,
Inc., a California corporation, Defendants,
Alice Kohler, Applicant in Intervention-Appellant.
 No. 91-15086.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1992.*
Decided Feb. 20, 1992.
 
 1
 Before CYNTHIA HOLCOMB HALL, WIGGINS, Circuit Judges, and MUECKE**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Alice Kohler appeals the district court's denial of her motion to intervene of right pursuant to Federal Rule of Civil Procedure 24(a)(2). Plaintiffs in Hickman, the underlying action, obtained prejudgment attachment orders on assets of various defendants in the action, including the assets of Bliss Securities, Inc. ("Bliss"), in an effort to protect the integrity of any eventual judgment. Appellant, a judgment creditor of Bliss, seeks to intervene to protect her interest in defendant Bliss' assets. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * We agree with the district court that appellant is not entitled to intervention under Rule 24(a)(2). First, appellant's interest is insufficient to justify intervention because her true interest is in the division of Bliss' attached assets. Since these assets are not the subject of the Hickman action, but are involved only as form of prejudgment relief, appellant's claim does not "bear a sufficiently close relationship to the dispute between the original litigants." See 3B Moore's Federal Practice, 24.07, 24-54; United States v. Alpine Land & Reservoir Co., 431 F.2d 763 (9th Cir.1970), cert. denied, 401 U.S. 909 (1971); Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos, 831 F.2d 59, 62 (5th Cir.1987).
 
 
 5
 Appellant's interest will become sufficient to justify intervention if, and when, the Hickman plaintiffs obtain a judgment against Bliss and move to execute that judgment against the attached assets. FTC v. American Legal Distributors, 890 F.2d 363, 365 (11th Cir.1989). Until that point appellant does not satisfy the interest requirement of Rule 24(a)(2).
 
 
 6
 Second, appellant is not so situated that a denial of her motion would impair her ability to protect her interest. Appellant argues that a judgment against Bliss in the Hickman action will render it less able to satisfy her judgment. However, the fact that an action might impair the collectability of a judgment has been consistently found insufficient to justify intervention. Hawaii-Pacific Venture Capital Corp. v. Rothbard, 564 F.2d 1343, 1346 (9th Cir.1977); Gould v. Alleco, Inc., 883 F.2d 281 (4th Cir.1989), cert. denied, 110 S.Ct. 870 (1990).
 
 
 7
 Finally, the appellant and defendants share the identical goal in this action: avoiding liability to plaintiffs, thereby releasing the attached assets. Therefore, defendants adequately represent appellant's current interests. Bottoms v. Dresser Industries, Inc., 797 F.2d 869, 872 (10th Cir.1986).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 The Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3