**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WYOMING OUTFITTERS
ASSOCIATION, doing business as
Wyoming Outfitters and Guides
Association; JIM ALLEN; TIM
TREFREN; JOHN WINTER; BOBBI
WADE; VINCE VAN ROEGEN; KIM
R. CARRARA; WALTER LEE
JONES; CRAIG ARTMAN; CRAIG
LARSEN,

        Plaintiffs-Appellees,

v.

WYOMING GAME AND FISH
COMMISSION; HAL CORBELT;
LEE HENDERSON; TRACY HUNT;
L. GARY LUNDUALL; J. MICHAEL
POWERS; MIKE HUNZIE; JOHN
BAUGHMAN,

        Defendants-Appellees,

WYOMING WILDLIFE
FEDERATION,

        Appellant.

No. 98-8088
(D.C. No. 98-CV-1027-J)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order

(continued...)

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The Wyoming Outfitters Association and individual outfitters (Outfitters) brought suit against the Wyoming Game and Fish Commission and its Commissioners, alleging that the Commission's scheme for licensing deer and elk hunters is unconstitutional because it discriminates against out-of-state hunters. The Wyoming Wildlife Federation (WWF) sought to intervene in the action, both as of right and permissively, *see* Fed. R. Civ. P. 24(a) and (b). The matter comes to us on the district court's denial of the WWF's motion to intervene in either posture. "An order denying intervention is final and subject to immediate review if it prevents the applicant from becoming a party to an action." *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of the Interior* , 100 F.3d 837, 839 (10th Cir. 1996). After *de novo* review of the district

*(...continued)
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court's denial of the WWF's motion to intervene as of right, *see Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 90 (10th Cir. 1993), we reverse. [1]

> Intervention under Rule 24(a)(2) should be granted when a timely motion to intervene demonstrates that (1) the intervenor has an interest in the property or transaction that is the subject matter of the action, (2) the interest might be impaired absent intervention, and (3) the existing parties will not adequately represent the interest.

*Id.* The district court found that the motion was timely and that the WWF has an interest in the licensing scheme that might be impaired, and it identified the question of adequate representation as the "real concern." Appellant's App. at 97-98. In fact, in arguing the motion to intervene before the district court, the parties did not dispute these first two requirements. On appeal, the Outfitters argue that WWF has not shown that its interest might be impaired if it is not allowed to intervene. Appellee's Br. at 3. Because they did not make that argument in opposing the intervention motion in the district court, we will not consider it for the first time on appeal. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). Therefore, our determination of whether the district court erred in denying the WWF's motion to intervene as of right turns on whether the Wyoming Game and Fish Commission would not adequately represent the WWF's interest.

---

[1] Because we hold that the WWF should have been allowed to intervene as a matter of right, we do not reach the district court's discretionary denial of WWF's motion for permissive intervention.

"The burden is on the applicant in intervention to show that the representation by the existing parties may be inadequate, but this burden is 'minimal.'" *Coalition*, 100 F.3d at 844 (quoting *National Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 383 (10th Cir. 1977)).

> An applicant may fulfill this burden by showing collusion between the representative and an opposing party, that the representative has an interest adverse to the applicant, or that the representative failed in fulfilling his duty to represent the applicant's interest. The possibility of divergence of interest need not be great in order to satisfy the burden of the applicants. However, representation is adequate when the objective of the applicant for intervention is identical to that of one of the parties.

*Coalition*, 100 F.3d at 844-45 (quotations and citations omitted).

Our decisions in *Coalition* and *National Farm Lines* control this case. [2] In

---

[2]     Because the interests of the WWF and the State are not identical, there is no presumption that the State's representation will be adequate. *See Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 872 (10th Cir. 1986). We note, however, that *Bottoms* identifies showings that would overcome the presumption of adequate representation, *see id.* at 872-73, and those are the same showings identified in *Coalition* as adequate to meet the minimal burden of showing inadequate representation, *see* 100 F.3d at 844-45. To the extent that these cases present an inconsistency, it is only one of form and not of substance. If an applicant in intervention shows that he has an interest adverse to the representative's, he meets the minimal burden under *Coalition* of showing a possibility of inadequate representation. 100 F.3d at 844-45. If he makes a similar showing in a case where his interests are identical to the representative's, he overcomes the presumption of adequate representation as set forth in *Bottoms*. 797 F.2d at 872-73. Therefore, in this case, even if the State's and the WWF's interests were identical, the WWF has shown circumstances that could make the State's representation inadequate, thereby overcoming any presumption of adequate representation.

*National Farm Lines*, groups of registered motor carriers sought to intervene in an action against the Interstate Commerce Commission (ICC) that challenged the laws and regulations protecting registered motor carriers against competition from unregistered motor carriers. We held that the ICC, which promulgated the regulations favoring the registered carriers, might not adequately represent the interests of the registered motor carriers and, consequently, they had a right to intervene. *National Farm Lines*, 564 F.2d at 383-84. In *Coalition*, an individual sought to intervene in an action against governmental agencies brought by an organization promoting economic growth. The suit challenged the Fish and Wildlife Service's protection of the Mexican Spotted Owl under the Endangered Species Act. There we held that the intervenor had "made the minimal showing necessary to suggest that the government's representation may be inadequate" based on the Department of the Interior's obligation to represent the public interest, which might differ from the individual's interest. *Coalition*, 100 F.3d at 845-46.

> As in those cases, we are again presented with

> "the familiar situation in which the governmental agency is seeking to protect not only the interest of the public but also the private interest of the petitioner in intervention, a task which is on its face impossible. The cases correctly hold that this kind of a conflict satisfies the minimal burden of showing inadequacy of representation."

*Id.* at 845 (quoting *National Farm Lines*, 564 F.2d at 384).

-5-

At the hearing on the motion to intervene, the attorney appearing for the State representing the Wyoming Game and Fish Commissioners, informed the court that the State's position was that the State could not adequately represent the interests of the WWF because their interests were not identical. Appellant's App. at 89. The court questioned this position, and the State attorney explained that "the State is in a position of regulating these animals and that's fundamentally a different role than the Wildlife Federation members who I would characterize as more the consumers of the wildlife, and so our interests come from different directions." *Id.* at 90. In the ensuing discussion, the State attorney again emphasized the divergent interests by pointing out that "there are different options of [hunting license] allocation that would probably meet the Game & Fish Commission's ultimate goals," but that the WWF was seeking to keep the specific allocation system that the plaintiff was challenging as unconstitutional. *Id.* at 96. The State's own opinion that it cannot adequately represent the WWF's interests because those interests are fundamentally different from its own speaks to the State's "frame of mind" and its commitment to the WWF, and it is certainly indicative of the possibility that the State might not adequately represent the WWF's interest. We hold that, under the specific circumstances of this case, the WWF has made the minimal showing necessary to suggest the State's

representation may be inadequate. [3]

In addition to the State's own position that it could not adequately represent the WWF's interests, the WWF submitted a letter written in 1995 by the Governor of the State of Wyoming (who appoints the Game and Fish Commissioners) to the Game and Fish Commissioners asking their support in "aggressively pursu[ing] creative options" to the limitations on nonresident licenses imposed by the current allocation regulations. Appellant's App. at 58 (Ex. A to WWF's motion to intervene). [4] While we do not see these facts as establishing any sort of collusion, we view this as further evidence of the possibility that the State will not adequately represent the interests of the WWF.

Our holding is also based on the fact that the Outfitters seek more in their

---

[3] We disagree with the Outfitters' statement that the State attorney admitted after questioning that the State did have the capacity to represent the WWF's interest. *See* Appellee's Br. at 8. To the contrary, the State never changed its position that, because of the fundamental differences in their interests, the State could not adequately represent the WWF's interests. The district court asked the attorney how many lawyers worked for the State of Wyoming, to which the State attorney replied, sixty. Appellant's App. at 91. The district court then asked "Do you feel you have enough legal talent to raise issues in this case?" *Id.* The State attorney responded that was not a problem. The attorney was merely stating that the State had enough legal power to present its own case, a statement entirely consistent with its position that it could not adequately represent the WWF's interests. The State's inability to represent the WWF's interests is not a function of manpower, it is a function of the fundamental differences in their interests.

[4] The Outfitters state in their brief on appeal that the governor subsequently recanted this letter, Appellee's Br. at 6, 7, but there is nothing in the record to support that statement.

action than a declaration that the current allocation scheme is unconstitutional. In their amended complaint, they request injunctive relief, proposing two specific alternatives: (1) "[t]hat the Court issue an order compelling the defendants to issue a license for all outfitted interstate hunters so long as residents have unlimited licenses and/or don't have to draw;" or (2) "that the Court issue a mandatory injunction ordering defendants to issue all big game licenses equally between residents and interstate hunters until or unless a more equitable allocation system is devised." *Id.* at 32-33. Even to the extent that both the State's and the WWF's objective is to establish the constitutionality of the current allocation scheme, if the district court decides to the contrary, there can be little debate that the State's and the WWF's interests may diverge at that point. *See Hazardous Waste Treatment Council v. South Carolina (In re Sierra Club)*, 945 F.2d 776, 780 (4th Cir. 1991) (holding that, although the interests of Sierra Club and state agency converge in arguing that state regulation is constitutional, the interests may diverge if the case reaches the point of analysis of injunctive relief). The WWF wants the current scheme upheld. The State has indicated, however, that there are several allocation schemes that could achieve its objectives, possibly among them the two alternatives proposed by the Outfitters in their complaint.

The WWF "has made the minimal showing necessary to suggest that the

[State's] representation may be inadequate." *Coalition*, 100 F.3d at 846. Because the WWF has a direct, substantial, and legally protectable interest in the subject of the action that may be impaired by the determination of the action, and because no party will adequately represent its interest, we hold that the WWF has a right to intervene in the action pursuant to Fed. R. Civ. P. 24(a)(2). Accordingly, we REVERSE the district court's denial of the motion to intervene, and we REMAND this case to the district court for further proceedings.

Entered for the Court

Monroe G. McKay
Circuit Judge